GORLICK, KRAVITZ & LISTHAUS, P.C.
Michael J. Vollbrecht, Esq. (MV1118)
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
MVollbrecht@gkllaw.com

Attorneys for Plaintiffs

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY
FUND, TRAINING PROGRAM FUND, and          :   08 Civ. 03348 (JGK)
JOHN J. VIRGA, in his fiduciary capacity as Director,
                                          :
                    Plaintiffs,           :   JUDGMENT BY DEFAULT
                                          :   AS TO OILEAN CONSTRUCTION,
        - against -                       :   INC. ONLY
                                          :
OILEAN CONSTRUCTION, INC. and             :
CENTENNIAL INSURANCE COMPANY,             :
                                          :
                    Defendants.           :
-----------------------------------------------------------X

This action having been commenced by the filing of a summons and complaint on April 4, 2008 and a true copy of the summons and complaint having been served upon defendant OILEAN CONSTRUCTION, INC. on April 11, 2008, by Deborah LaPointe, a licensed process server, by service upon Carol Vogt, an agent of the Secretary of State of the State of New York, pursuant to section 306 of the Business Corporation Law of the State of New York; and a true copy of the summons and complaint having been served upon defendant CENTENNIAL INSURANCE COMPANY on April 17, 2008 by Robert Mills, a licensed process server, by service upon Centennial Insurance Company, c/o New York State Insurance Department, 25 Beaver Street, New York, New York 10004; and proofs of service having been filed with the Court on April 25, 2008; and a Stipulation and Order of Settlement having been entered on May 29, 2008 as to plaintiffs MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, and TRAINING PROGRAM FUND, and JOHN J. VIRGA, in his fiduciary capacity as

Director's ("FUNDS") claims against defendant CENTENNIAL INSURANCE COMPANY; and defendant OILEAN CONSTRUCTION, INC. having failed to answer, appear or otherwise defend in this action within the time permitted by law, there is no just reason to delay the entry of judgment by default against defendant OILEAN CONSTRUCTION, INC.

NOW, on motion of GORLICK, KRAVITZ & LISTHAUS, P.C., attorneys for plaintiffs, by Michael J. Vollbrecht, Esq., it is

ORDERED, ADJUDGED AND DECREED, that plaintiff MASON TENDERS DISTRICT COUNCIL WELFARE FUND ("PLAINTIFF") as the collecting agent for plaintiffs FUNDS, has judgment against defendant OILEAN CONSTRUCTION, INC. in the liquidated amount of $167,145.21, which amount includes fringe benefit contributions, statutory damages, interest on unpaid fringe benefit principal, dues checkoffs contributions, interest on dues checkoffs contributions, Political Action Committee ("PAC") contributions, interest on PAC contributions, contractual audit fees, costs and attorneys' fees; and it is further

ORDERED AND DECREED, that defendant OILEAN CONSTRUCTION, INC. post within thirty (30) days after service of a copy of this judgment and maintain a bond in the amount of $205,765.88 to guarantee payment to PLAINTIFF of all fringe benefit contributions, dues checkoffs, and PAC contributions that become due and owing, in accordance with the terms of the Collective Bargaining Agreement between non-party MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK AND LONG ISLAND ("UNION") and non-party BUILDING CONTRACTORS' ASSOCIATION, of which plaintiffs FUNDS and defendant OILEAN CONSTRUCTION, INC. are third-party beneficiaries; and it is further

ORDERED, AND DECREED, that defendant OILEAN CONSTRUCTION, INC. permit and cooperate in the conduct of an audit of defendant OILEAN CONSTRUCTION, INC.'s books and records for the period June 29, 2005 to the present, including, but not limited to, payrolls and payroll ledger including office payroll, yard payroll, payoff payroll, New York and New Jersey payroll, etc., computer payroll printout, W-2 forms, quarterly federal payroll tax returns (form 941),

quarterly state payroll tax returns (forms WT-4-A & WT-4-B), annual federal and state tax returns, cash disbursements journal, purchase journal, 1099 forms, New York and New Jersey employment records, insurance company reports, supporting checks, ledgers, vouchers and any other items concerning payroll, by plaintiffs' representatives, within thirty (30) days after service of a copy of this judgment, pursuant to the Collective Bargaining Agreement between non-party UNION and non-party BUILDING CONTRACTORS' ASSOCIATION, of which plaintiffs FUNDS and defendant OILEAN CONSTRUCTION, INC. are third-party beneficiaries, for the purpose of ascertaining and verifying the amount of fringe benefit contributions, dues checkoffs, and PAC contributions due plaintiffs, if any.

Dated: New York, New York
       6/26, 2008

_____
Hon. John G. Koeltl, U.S.D.J.

The Clerk is directed to enter Judgment and to close this case.

So ordered.

_____
6/27/08   U.S.D.J.

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____